Filed 12/1/23  P. v. Sneed CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>VERSHONDA SNEED,<br><br>　　　Defendant and Appellant. | B324270<br><br>(Los Angeles County<br>Super. Ct. No. TA137551) |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Richard B. Lennon and David Andreasen, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Vershonda Sneed (defendant) of first degree murder for fatally shooting Bobby King (King). After intervening changes in California law defining murder, defendant petitioned for resentencing under Penal Code section 1172.6 (former Penal Code section 1170.95).[1] Without permitting the parties to file the briefs contemplated by section 1172.6, subdivision (c), the trial court summarily denied defendant's petition because she was King's actual killer. We are asked to decide whether this was prejudicial error.

## I. BACKGROUND

### A. *The Offense Conduct*

King and defendant started out as close friends, but their relationship deteriorated over time and defendant came to believe that King was arrogant and selfish. In May of 2015, defendant blocked King on her cell phone after he threatened to kill her when the two were arguing.

The following month, defendant met with her friends Shawnta Sawyers (Sawyers) and Tyshonda Marie Powell (Powell) at the home of Sawyers' sister. Sawyers, who had dated King, was on the phone with King when defendant arrived; she told King defendant was there. Later, while the women were outside the home talking in the driveway, King arrived. When King approached the women, defendant pointed a gun at him and shot

---

[1] Undesignated statutory references that follow are to the Penal Code.

2

him eight times—killing him.  Defendant and Powell then fled the scene, but they were quickly apprehended.[2]

### B.    *Defendant's Criminal Trial*

Defendant testified at her later trial in 2016 and admitted she shot King.  She claimed, however, that she killed him in self-defense.  She testified she believed King was a member of a gang, carried a firearm, and had "something chrome" in his hand when he approached the women on the night of the shooting.

The jury did not believe defendant's claim to have acted in self-defense and convicted her of first degree murder.  The jury also found true an associated sentencing enhancement for personally and intentionally discharging a firearm causing great bodily injury or death (Pen. Code,[3] § 12022.53, subd. (d)).  The trial court sentenced defendant to 50 years to life in state prison: 25 years to life for the murder and a consecutive 25 years to life for the aforementioned firearm enhancement.  On direct appeal, this court affirmed the conviction but remanded to allow the trial court to decide whether to strike the firearm enhancement in furtherance of justice (*People v. Sneed* (Jan. 18, 2018, B276525) [nonpub. opn.] (*Sneed I*)), which the trial court later opted not to do.

---

[2]    Powell was charged as an accessory after the fact, but the jury was unable to reach a verdict.

[3]    Undesignated statutory references that follow are to the Penal Code.

*C.      Defendant's Section 1172.6 Petition*

Defendant filed a section 1172.6 form petition for resentencing in 2022.  Before providing the parties an opportunity to brief whether defendant was entitled to relief, the trial court summarily denied the petition.  As the court explained it, "The appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."

## II.  DISCUSSION

The Attorney General concedes the trial court should have permitted the parties to file briefs in connection with defendant's section 1172.6 petition (§ 1172.6, subd. (c)) but contends the decision to deny the petition without briefing was harmless because the record establishes defendant is ineligible for relief as a matter of law: she was King's actual killer, and the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory that would permit imputing malice.  That is how we see the matter.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"]; *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 ["A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer . . . "].)  Reversal is, accordingly, unwarranted.  (See *People*

4

*v. Lewis* (2021) 11 Cal.5th 952, 974 [to obtain reversal, a petitioner whose petition is denied before an order to show cause issues must demonstrate it is reasonably probable the petition would not have been summarily denied absent error].)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.